Rosekrans, J.
The opinion delivered by Justice Emott in this case, in the Supreme Court, is a correct exposition of the law applicable to it, and for the reasons stated therein, the judgment should be affirmed. The case of Stochwell v. Hunter (11 Metc., 448), may be added to the authorities cited by Justice Emott to show that alease of basement rooms, or chambers, in a building of several stories in height, without any stipulation, by the lessor or lessee, for rebuilding, in case of fire or other casualties, gives the lessee no interest in the land upon! which the building stands, and that if the whole building is ■ destroyed by fire, the lessee’s interest in the demised rooms is . terminated, and the lessor may, after the destruction of the - building, enter upon the soil and rebuild upon the ruins of . the former edifice.
*492 It may be added that at common law, where the interest of the lessee in a part of the demised premises was destroyed by the act of God, so that it was incapable of any beneficial enjoyment, the rent might be apportioned. In Rolle’s Abridgment, 286, it is said that if the sea break in and overflow a part of the demised premises, the rent shall be apportioned for though the soil remains to the tenant, yet as the sea is open to every one, he has no exclusive right to fish there. A distinction is taken between an overflow of the land by the sea, and fresh water, because, though the land be covered with fresh water, the right of taking the fish is vested exclusively in the lessee, and in that case the rent will not be apportioned. In the latter case the tenant has a beneficial enjoyment, to some extent, of the demised premises, but in the former he has none, and if the use be entirely destroyed and lost, it is reasonable ' that the rent should be abated, because the title to the rent is ; founded on the presumption that the tenant can enjoy the ; demised premises during the term. (Com. Land, and Ten., 218; Gilb. on Rents, 182.)
Where the lessee takes an interest mthe soil upon which a building stands, if the building is destroyed by fire, he may use the land upon which it stood, beneficially, to some extent, without the building, or he may rebuild the edifice; but where he takes no interest in the soil, as in the case of a demise of a " basement, or of upper rooms in the building, he cannot enjoy the premises in any manner after the destruction of the building, nor can he rebuild the edifice. He cannot have the exclusive enjoyment of the vacant space formerly occupied by the demised rooms. The effect of the destruction of the building, in such a case, is analogous to the effect of the destruction of demised premises by the encroachments of the sea, mentioned in Eolle’s Abridgment; and the established rule for the abatement or apportionment of the rent, should be applied in the former as well as in the latter case. The same reason exists for its application in both cases.
But even if the lessee’s interest in the demised apartment, in a case like this, was not terminated by the total destruction *493 of the building, it may be doubted whether the lessee- could recover ren< so long as he failed to give to the demised upper rooms the support necessary to them for special enjoyment. The rule seems to be settled in England, that where a house is divided into different floors or stories, each occupied- by different owners, the proprietor of the ground floor is bound, by the nature and condition of his property, without any servitude, not only to bear the weight of the upper story, but to repair his own property so that it may be able to bear such weight. The proprietor of the ground story is obliged to uphold it for the support of the upper story. (Humphrey v. Brogden, 12 Q. B., 739; S. C., 1 Eng. Law and Eq., 241; Rowbothem v. Wilson, 36 id., 236; Harris v. Roberts, 6 El. and Br., 643; S. C., 7 id., 625.) In the case last cited the duty of such support is recognized as a general common-law right. In a lease of upper rooms by the owner of the entire building, a covenant should be implied on the part of the lessor to give such support to the upper rooms as is necessary for their beneficial enjoyment. It has been decided in this court that the statute forbidding the implication of covenants in conveyances of real estate, does not apply to leases for years. (Mayor of New York v. Maybee, 3 Kern., 151; Vernam v. Smith, 15 N. Y., 332, 333.)
The judgment should be affirmed.
Denio, Ch. J., Selden, Balcom and Marvin, Js., concurred.